UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MICHAEL NORRIS, et al.,<br><br>                Plaintiff,<br><br>v.<br><br>THOMAS BRADY et al.,<br><br>                Defendant. | Civil Case No.:<br><br>Removed From:<br><br>Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida<br>NO. 2022-022900-CA-01 |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1334, 1367, 1441, 1446, and 1452; 15 U.S.C. § 78aa(a); and Fed. R. Bankr. P. 9027, Defendants Thomas Brady, Kevin O'Leary, and David Ortiz hereby remove this case, and all claims and causes of action therein, from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida[1]:

## BACKGROUND

1. On November 11, 2022, and November 14, 2022, FTX Trading Ltd. ("FTX") and 101 affiliated debtors (collectively the "FTX Debtors") commenced bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware by filing petitions for voluntary relief

---

[1] Undersigned counsel are aware of Local Rule 87.2, which directs that notices of removal filed pursuant to 28 U.S.C. § 1452(a) are to be filed with the Clerk of the Bankruptcy Court. Because the instant Notice of Removal asserts jurisdiction under both 28 U.S.C. § 1334 and 28 U.S.C. § 1331, and because of the related first-filed action in this Court (*Garrison v. Bankman-Fried*, No. 22-cv-23753), Defendants are filing the Notice of Removal in this Court in the interest of judicial economy.

1

under chapter 11 of title 11 of the U.S. Code ("Chapter 11 Cases"), captioned *In re FTX Trading Ltd.*, No. 22-11068.

2. On November 15, 2022, Plaintiffs' counsel filed a putative federal class action in this Court based on the same set of facts as the instant case and raising identical claims against Defendants and others, captioned *Garrison v. Bankman-Fried*, No. 22-cv-23753. Defendants intend to file a Notice of Related Case with respect to *Garrison*.[2]

3. On December 2, 2022, Plaintiff Michael Norris filed a civil action against Nishad Singh and David Ortiz in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, captioned *Norris v. Singh*, No. 2022-022900-CA-01. The original *Norris* complaint was never served on any of the present Defendants.

4. Just days later, on December 5, 2022, Norris filed an amended complaint, adding Bo Yang, Shengyun Huang, Vijeth Shetty, Michael Livieratos, and Brandon Rowan as plaintiffs, adding Thomas Brady and Kevin O'Leary as defendants, and dismissing defendant Nishad Singh, who is named as one of the "FTX Insider Defendants" in the operative *Garrison* pleading. The action was restyled "*Norris, et al. v. Brady, et al.*"

---

[2] Prior to and subsequent to filing the *Norris* action, Plaintiffs' counsel filed three federal class actions raising identical claims against Defendants and others in this Court. The first of these cases, *Garrison*, was filed on November 15, 2022, and assigned to Judge Moore. The second, captioned *Kavuri v. Bankman-Fried*, No. 22-cv-23817, was filed on November 21, 2022, and assigned to Judge Gayles. The third, captioned *Podalsky v. Bankman-Fried*, No. 22-cv-23983, was filed on December 7, 2022, and assigned to Judge Bloom. The next day, on December 8, 2022, the *Garrison* and *Kavuri* plaintiffs voluntarily dismissed their class action complaints. But on December 9, 2022, Judge Bloom *sua sponte* transferred the *Podalsky* class action to Judge Moore for all further proceedings. The *Podalsky* and *Garrison* class actions were consolidated under the original docket number in *Garrison*, No. 22-cv-23753, and the plaintiffs in both cases were directed to file an amended complaint (the "Federal Class Action"). On December 16, 2022, the plaintiffs in the Federal Class Action filed an amended complaint, captioned *Garrison v. Bankman-Fried*, No. 22-cv-23753.

5. On December 27, 2022, Plaintiffs' counsel sent Mr. Brady a Notice of Commencement of Action and Waiver of Service of Process, and requested that he waive service of a summons and the Amended Complaint. Pursuant to Fla. R. Civ. P. 1.070(i)(2)(F), Mr. Brady returned the Waiver of Service of Process on January 17, 2023.

6. Similarly, on January 4, 2023, Plaintiffs' counsel sent Mr. O'Leary a Notice of Commencement of Action and Waiver of Service of Process. Mr. O'Leary returned the Waiver of Service of Process on January 24, 2023.

7. Finally, on January 11, 2023, Plaintiffs' counsel sent Mr. Ortiz a Notice of Commencement of Action and Waiver of Service of Process. Mr. Ortiz returned the Waiver of Service of Process on January 25, 2023.

8. On January 31, 2023, Defendants filed a motion to stay this proceeding in favor of *Garrison* based on Florida's first-filed rule. Defendants intend to pursue a stay or consolidation with *Garrison* in federal court, following removal, under the federal analogue.

9. Pursuant to 28 U.S.C. § 1446(a) and Fed. R. Bankr. P. 9027(a)(1), a copy of the Amended Complaint is attached as Exhibit A and a copy of all other "process, pleadings, and orders served upon" Defendants is attached as Exhibit B.

10. This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3).

11. This case asserts claims identical to the claims raised in the *Garrison* case asserting that alleged YouTube videos and other advertisements promoting the FTX platform allegedly assisted certain of the now-bankrupt FTX Debtors' offer and sale of yield-bearing accounts ("YBAs") on the FTX platform.

12. The Amended Complaint names as Defendants Thomas Brady, Kevin O'Leary, and David Ortiz, individuals who are all alleged to have appeared in commercials or other advertisements relating to certain FTX entities.

13. Plaintiffs indicate (incorrectly) that the SEC has found that YBAs are "unregistered securities" and that FTC regulations required additional disclosures in the advertisements. Ex. A ¶¶ 3, 6. Plaintiffs do not name the FTX Debtors as defendants, yet they request a declaration finding both that the YBAs are securities under federal law and that Defendants breached FTC regulations governing celebrity endorsement of cryptocurrencies and related products. *Id.* ¶¶ 6, 26; *see id.* ¶ 101. Plaintiffs seek "an expedited declaratory ruling for deciding the legal question of whether the YBA offered and sold to Plaintiffs . . . constituted an unregistered security." *Id.* ¶ 36; *see id.* ¶¶ 3, 7, 12. Indeed, Plaintiffs have taken the position that resolution of this question—even without any of the FTX Debtors as parties—will advance "cryptocurrency litigation across the globe." Ex. C (Pl. Vijeth Shetty's Mot. for Partial Summ. J.) at 1.

## JURISDICTION

14. This Court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1334 and the Exchange Act of 1934, 15 U.S.C. § 78aa(a), because (1) Plaintiffs' claims are "related to" FTX's bankruptcy proceedings, 28 U.S.C. § 1334(b), and (2) Plaintiffs' purported state law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain," *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013). This case is therefore removable under 28 U.S.C. §§ 1441, 1446, and 1452.

4

**I.     This Court Has Jurisdiction Under 28 U.S.C. § 1334.**

15.    Federal courts have original jurisdiction over "all civil proceedings . . . arising in or related to cases" under the Bankruptcy Code. 28 U.S.C. § 1334(b). "'[R]elated to' jurisdiction" under § 1334(b) "is 'extremely broad,'" *In re CDC Corp.*, 610 F. App'x 918, 921 (11th Cir. 2015) (citation omitted), and turns on "whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy," *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (citation omitted). An action that "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)" and "impacts upon the handling and administration of the bankrupt estate" meets this criterion. *Id.* (citation omitted). "The proceeding need not necessarily be against the debtor or against the debtor's property." *Id.*

16.    This Court has "related to" jurisdiction over the instant state court action for several reasons, including because certain of the FTX Debtors must indemnify and defend Defendants for the conduct alleged in the Amended Complaint, and certain Defendants' agreements with certain of the FTX Debtors entitle them to insurance proceeds.

17.    Specifically, Defendants entered into agreements with certain of the FTX Debtors in consideration for their promotional activities. In these contracts, certain of the FTX Debtors agreed to indemnify Defendants against certain expenses, including expenses incurred in connection with the defense of claims that—like Plaintiffs' claims here—result from or arise out of any acts or statements made at the FTX Debtors' request or in good-faith reliance on information provided by the FTX Debtors. Defendants intend to file proof of claims in the Chapter 11 Cases to assert claims for, among other things, contractual indemnification and reimbursement of expenses incurred in connection with this action. As a result, the continued prosecution of these claims will result in further liquidation of claims against the FTX Debtors' estates and have a direct

impact on the administration of the Chapter 11 Case. *See Lemco Gypsum*, 910 F.2d at 788 (related to jurisdiction exists where the outcome of a proceeding "could conceivably have an effect on the estate being administered in bankruptcy" (citation omitted)).

18.  Independently, agreements with FTX Debtors entitle certain of Defendants to insurance proceeds under certain of the FTX Debtors' insurance policies. To the extent those insurance proceeds are property of the estate, then any Defendants' entitlement to reimbursement "poses the specter of direct impact on the *res* of the bankrupt estate," which alone is sufficient to establish "related to" jurisdiction. *In re Quigley Co., Inc.*, 676 F.3d 45, 53-54, 58 (2d Cir. 2012) (finding "related to" jurisdiction "where litigation of the [lawsuits against non-debtor] would almost certainly result in the drawing down of insurance policies that are part of the bankruptcy estate"); *see also, e.g., In re A.H. Robins Co., Inc.*, 788 F.2d 994, 1008 (4th Cir. 1986) (finding "related to" jurisdiction over claims against non-debtors in part because such claims, if successful, would reduce insurance funds available to debtor's estate).

19.  For these reasons, this Court has "related to" jurisdiction over the instant action.

**II.   The Court Also Has Federal Question Jurisdiction Under 28 U.S.C. § 1331.**

20.  Federal courts also have "arising under" jurisdiction over state law claims that implicate significant federal issues. *See Grable*, 545 U.S. at 312-14. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. All of these requirements are met.

21.  The Amended Complaint on its face necessarily raises a federal issue which is actually disputed: whether the YBAs are "securities" under federal law. Ex. A ¶ 6; *see Grable*, 545 U.S. at 312-14; *Gunn*, 568 U.S. at 258. Plaintiffs allege that Defendants made

"misrepresentations and omissions" that induced them "to purchase[] the YBA[s] and/or execute[] trades" on the FTX platform, Ex. A ¶¶ 27-32, and they seek "an order declaring that the YBAs are securities required *to be registered with the SEC*," *id.* ¶ 101 (emphasis added); *see also id.* ¶¶ 6, 26. Indeed, Plaintiffs specifically request that the question of whether YBAs are securities be decided under "the United States securities laws." *Id.* ¶ 55; *see also id.* ¶¶ 6, 54. The question of federal law is thus the pleaded basis for Plaintiffs' request for affirmative relief in their declaratory judgment count, and Plaintiffs could have brought their claim in federal court under Section 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j(b), in a coercive action for damages or an injunction.[3]

22. Nor can there be any ambiguity that this question is actually disputed. Plaintiffs allege that a "common and identical question in this case" is "whether the SEC was initially correct, in finding that all of these YBAs are (or are not) the sale of 'unregistered securities.'" Ex. A ¶ 12. But the SEC has yet to make any such finding, and the entities in possession of the evidence to resolve this question have declared bankruptcy. It is also precisely the same question at the crux of the *Garrison* action, which was filed first in this Court by the same counsel on behalf of a putative class that includes Plaintiffs as absent class members.

23. Adjudication of Plaintiffs' Amended Complaint therefore necessarily requires a court to decide the disputed question whether the YBAs are securities under federal law. *See, e.g.*, *Turbeville v. FINRA*, 874 F.3d 1268, 1275 (11th Cir. 2017) (holding removal proper where resolution of state law claims "unavoidably involves answering federal questions" regarding interpretation of rules and regulations under the federal Exchange Act of 1934).

---

[3] *Cf.* Compl. ¶¶ 257-66, *Real v. Yuga Labs, Inc.*, No. 2:22-cv-08909 (C.D. Cal. Dec. 8, 2022), ECF No. 1 (asserting claim under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), against individual defendants for alleged misrepresentations and omissions that induced the purchase of an alleged security).

24. The federal question raised by the Amended Complaint is also plainly "substantial" under *Grable* given the "importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. As Plaintiffs themselves argue, its resolution "will greatly advance litigation across the country." Ex. C at 2. And they admit in the Amended Complaint, *see* Ex. A ¶¶ 3-4, that the status of cryptocurrency products under federal securities laws is the subject of active SEC scrutiny and federal litigation nationwide, including whether a celebrity's promotional statement amounts to a misstatement or omission that induced the sale of an alleged security within the meaning of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and whether such products are subject to regulation by the SEC. And as noted, the status of YBAs is the subject of the *Garrison* action pending in this Court, which raises the same claims against Defendants and others. Resolving the YBAs' status under federal law therefore would be "dispositive of the case" and potentially "controlling in numerous other cases." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006); *see Grable*, 545 U.S. at 315-16.

25. Nor would the exercise of federal jurisdiction upset "any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Plaintiffs here are masters of their own complaint, and they specifically requested a declaration to establish an affirmative federal right. "[T]he interpretation and application of the federal securities laws . . . [are] areas of undisputed strong federal interest." *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 100 (2d Cir. 2001); *see also Friedlander v. Troutman, Sanders, Lockerman & Ashmore*, 788 F.2d 1500, 1504 (11th Cir. 1986) ("The comprehensive scheme of statutes and regulations designed to police the securities industry is indicative of a strong federal interest.").

26. Thus, removal of the entire case to federal court is proper. *See* 28 U.S.C. § 1367; *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165-66 (1997); *Franchise Tax Bd. v.*

*Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13 (1983) (noting that, if any cause of action pled by plaintiffs fell within original jurisdiction of federal courts, removal was proper as to whole case).

*   *   *

27. Pursuant to 28 U.S.C. § 1446 and Fed. R. Bankr. P. 9027, Defendants will promptly serve a copy of this Notice on all parties and will file a copy of this Notice in Case No. 2022-022900 in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida.

28. Pursuant to Local Rule 7.2, Defendants will file in this Court and serve true and legible copies of any pending motions for which Defendants are the moving party, any opposition to such motions, and all documents previously filed in support of or in opposition to such motions within seven days of the filing of this Notice.

29. Pursuant to 28 U.S.C. § 1446(a) and Fed. R. Bankr. P. 9027(a)(1), this Notice of Removal is signed pursuant to Fed. R. Bankr. P. 9011 and contains a short and plain statement of the facts that entitle Defendants to remove.

30. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendants all join in removal of this action.

31. Pursuant to Fed. R. Bankr. P. 9027(a)(1), Defendants do not consent to entry of final orders or judgments by the Bankruptcy Court.

## CONCLUSION

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1331, 1334, 1367, 1441, 1446, and 1452; 15 U.S.C. § 78aa(a); and Fed. R. Bankr. P. 9027, Defendants Thomas Brady, Kevin O'Leary, and David Ortiz remove this action in its entirety from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

Dated:  February 3, 2023

          Respectfully submitted,

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444

By: */s/ Roberto Martínez*
   Roberto Martínez
   Florida Bar No. 305596
   bob@colson.com
   Stephanie A. Casey
   Florida Bar No. 97483
   scasey@colson.com
   Zachary Lipshultz
   Florida Bar No. 123594
   zach@colson.com

**LATHAM & WATKINS LLP**
   Andrew Clubok (*pro hac vice* to be filed)
     *andrew.clubok@lw.com*
   Susan E. Engel (*pro hac vice* to be filed)
     *susan.engel@lw.com*
   Brittany M.J. Record (*pro hac vice* to be filed)
     *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
   Marvin S. Putnam (*pro hac vice* to be filed)
     *marvin.putnam@lw.com*
   Jessica Stebbins Bina (*pro hac vice* to be filed)
     *jessica.stebbinsbina@lw.com*
   Elizabeth A. Greenman (*pro hac vice* to be filed)
     *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax:  +1.424.653.5501

**LATHAM & WATKINS LLP**
   Michele D. Johnson (*pro hac vice* to be filed)
     *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Thomas Brady*

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
    Christopher S. Carver, Esq.
    Florida Bar No. 993580
    christopher.carver@akerman.com
    cary.gonzalez@akerman.com
    Jason S. Oletsky, Esq.
    Florida Bar No. 9301
    jason.oletsky@akerman.com
    jill.parnes@akerman.com
    Katherine A Johnson, Esq.
    Florida Bar No. 1040357
    katie.johnson@akerman.com
    joyce.gutierrez@akerman.com

*Attorneys for Defendant David Ortiz*

**MARCUS NEIMAN RASHBAUM**
**& PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
    Jeffrey Neiman
    jneiman@mnrlawfirm.com
    Fla Bar. No. 544469
    Jeffrey Marcus
    jmarcus@mnrlawfirm.com
    Fla. Bar No. 310890
    Michael Pineiro
    mpineiro@mnrlawfirm.com
    Fla. Bar No. 041897
    Brandon Floch
    bfloch@mnrlawfirm.com
    Fla. Bar No. 125218

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
    Andrew B. Brettler (*pro hac vice* to be filed)
    abrettler@berkbrettler.com

*Attorneys for Defendant Kevin O'Leary*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and further certify that the foregoing is also being served via electronic mail as addressed below.

Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

David Boies
Alex Boies
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

Stephen Neal Zack
Florida Bar No. 145215
Hon. Ursula Ungaro (Ret.)
Florida Bar No. 200883
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
uungaro@bsfllp.com

Jose M. Ferrer
Florida Bar No. 173746
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440
jose@markmigdal.com
eservice@markmigdal.com

*Counsel for Plaintiffs*

Dated:  February 3, 2023

          **COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444

By: */s/ Roberto Martínez*
    Roberto Martínez
    Florida Bar No. 305596
    bob@colson.com
    Stephanie A. Casey
    Florida Bar No. 97483
    scasey@colson.com
    Zachary Lipshultz
    Florida Bar No. 123594
    zach@colson.com

*Attorneys for Defendant Thomas Brady*