UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-20439-CIV-ALTONAGA/Damian

MICHAEL NORRIS, *et al.*,

    Plaintiffs,

v.

THOMAS BRADY, *et al.*,

    Defendants.

_____/

## **PLAINTIFFS' MOTION TO REMAND**

There can be no doubt Defendants improperly removed this individual action (brought by FTX investors on behalf of themselves), from the 11th Judicial Circuit Court in Miami-Dade County (Complex Business Litigation Division), where Plaintiffs specifically decided to file their State Complaints. The Consolidated State Complaint has: (a) already been consolidated before the Honorable Michael Hanzman (from all individual state cases pending before both the Honorable Alan Fine and Judge Hanzman), (b) discovery has already been served, (c) Florida Plaintiff Shetty has already filed a pending Motion for Partial Summary Judgement, and (d) an Initial Case Management Conference has already been set by Judge Hanzman.[1]

This individual action expressly involves only ***Florida*** state causes of action, brought by individual Plaintiffs (including ***Florida*** plaintiffs), against only ***Florida*** Defendants, for their respective roles in the sale of FTX's Yield-Bearing Accounts ("YBAs"), which Plaintiffs allege are all unregistered securities, sold in violation of ***Florida*** law.

Although Defendants concede in their Notice of Removal that there is ***no diversity jurisdiction***, ***no CAFA jurisdiction***, and that all claims are ***Florida state law causes of action***, they base their notice of removal entirely on three words – "the SEC and" – contained in the fourth count of the Complaint and argue that it subjects the "entire action" to federal question jurisdiction under § 1331. By itself, this logic is absurd, however, Defendants indicated they would not allow

---

[1] This Honorable Court gave Plaintiffs (30) thirty days to file for Remand ECF No. 6, but Plaintiffs decided to immediately seek Remand and/or Oral Argument, if the Court deems necessary.

both individual FTX state court litigation (before Judge Hanzman) and the proposed FTX federal class action pending before the Honorable Judge Moore (which the Justice Department has recently requested be stayed as to some of the cooperating Defendants). That is certainly not their decision to make.

The Notice of Removal, filed in the face of circumstances that clearly demonstrate a total lack of federal jurisdiction over Plaintiffs' individual Florida state law claims, is simply the latest ploy by these three Defendants, who count themselves among those responsible for causing billions of dollars of damages to investors who purchased YBAs such as those from collapsed crypto platforms Voyager and FTX, all of which are calculated to delay and/or crush any and all proceedings, even tangentially related to issues bearing upon their liability to those they have harmed.[2] Actions speak louder than words and this Court has had a front row seat for some of this delay.

For instance, the Voyager defendants represented to *this Court* through counsel at the June 14, 2022, hearing on their Motion to Compel arbitration in *Cassidy v. Voyager Digital, et al.*, No. 21-24441-CIV-ALTONAGA/Torres, that the Court should stay ruling on the motion pending the 9th Circuit's review of *Bielski v. Coinbase, Inc.*, C 21-07478 WHA, 2022 WL 1062049 (N.D. Cal. Apr. 8, 2022), assuring the Court that there was **no need for urgency.** Although the Court declined that invitation to delay those proceedings, three weeks later, before the Court could even rule on that pending motion, Voyager froze all customer accounts (many that were also FTX customers) and filed for Chapter 11 bankruptcy.[3]

---

[2] As the late George Carlin once famously observed, "You don't need a formal conspiracy when interests converge. These people went to the same universities and fraternities, they're on the same boards of directors, they're on the same country clubs, they have like-interests. They don't need to call a meeting; they know what is good for THEM, and they are getting it." *Politically Incorrect with Bill Maher*. Episode aired May 16, 2001 (accessed at https://georgecarlin.net/quotes/tvandinterviewquotes.html on February 6, 2023).

[3] That same counsel entered an appearance for Ehrlich, Voyager's CEO, in *Roberts, et al. v. Stephen Ehrlich, et al.,* No. 22-cv-9590 (S.D.N.Y.), filed in November 2022 and pending in New York before Judge P. Kevin Castel, where those plaintiffs omitted any reference to many months pending *Cassidy* and/or the fact that there were pending federal securities claims in that action when this Court stayed it pending Voyager's bankruptcy—because Voyager's counsel agreed to move forward in that litigation on solely to appoint lead plaintiffs and counsel, in an blatant attempt to simply wrest jurisdiction of these issues away from this Court. Fortunately, undersigned counsel were retained by hundreds of investors, many with the largest financial stake in that litigation and

CASE NO.: 23-20439-CIV-ALTONAGA/Damian

Here, Defendants for months have "purported" to meet and confer with Plaintiffs in good faith regarding the organization of this individual Florida state action, as well as the separate putative class action pending before Judge Moore. They have extensively discussed pleadings and organizational issues with Plaintiffs' counsel in real time, even before they entered official appearances in this action, which they are now using in an effort to obfuscate this action's real procedural history. Once Florida Plaintiff Shetty filed his Motion for Partial Summary Judgment (as promised to Defendants since the initial conferrals occurring all the way back in December), and after Judge Hanzman already scheduled an Initial Case Management hearing, Defendants realized that the only way to stop Judge Hanzman from considering the important motion was to simply take it away from him.[4]

On January 31, 2023, Defendants first sought to stay the State Complaint, pending resolution of *Garrison, et al. v. Samuel Bankman-Fried, et al.*, No. 1:22-cv-23753-KMM (S.D. Fla.), a putative class action pending before Judge Moore that seeks to certify a nationwide class and a global class of all YBA purchasers against many of the FTX insiders (such as Sam Bankman-Fried, Caroline Ellison, and Gary Wang) and additional FTX Brand Ambassadors (many non-Florida residents, such as Shaquille O'Neal, Larry David, and Giselle Bunchden). But after reviewing a letter from Plaintiffs' counsel filed in the *Garrison* action, explaining that the US Attorney is in the process of seeking to stay those *Garrison* pending their prosecution of Sam Bankman-Fried, *see id.* at ECF No. 29-1, Defendants shifted course and instead sought to remove

---

have thus already moved on their behalf for appointment of lead plaintiff and counsel in that New York action, after which appointment they may seek transfer of that litigation back before this Court, the first (and only) pending Voyager actions.

Similarly here, in *Robertson, et al. v. Mark Cuban, et al.,* No. 22-cv-22538-Altman/Reid, undersigned counsel represents a putative class of Voyager investors against Mark Cuban and the Dallas Mavericks for their roles in Voyager's sale of unregistered securities, defendants fought tooth and nail to prevent discovery, and again sought dismissal for a purported lack of personal jurisdiction. After those attempts failed and discovery commenced, those defendants filed a belated motion to transfer that action to the Northern District of Texas.

[4] In fact, counsel for Defendant Ortiz here, was also counsel for the Receiver (Michael Goldberg) in *In re: Champlain Towers South Collapse Litigation*, where Undersigned Counsel was honored to serve as Lead Counsel and coordinated with the Receiver. We all recently regaled at the speed and efficiency with which Judge Hanzman conducted the *CTS Collapse Litigation* and we discussed a similar, expedited approach expected here.

the action entirely from Judge Hanzman's court in the hopes that somehow, it will travel far and be consolidated with *Garrison* and similarly stayed.

It is likely Defendants quickly pivoted to make this move because they understand that Judge Hanzman has discretion to deny their requested stay of this action, as the Third DCA has recently explained that "the Florida Supreme Court explained that '[t]here may well be circumstances under which the denial of a stay could be justified ***upon a showing of the prospects for undue delay in the disposition of a prior action***.'" *Sanchez Vicario v. Santacana Blanch*, 306 So. 3d 1098, 1102 (Fla. 3d DCA 2020) (citing *Siegel v. Siegel*, 575 So. 2d 1267, 1272 (Fla. 1991) (quoting *Schwartz v. DeLoach*, 453 So. 2d 454, 455 (Fla. 2d DCA 1984))) (emphasis added).

The Court should see through Defendants' machinations and grant this Motion to Remand, as the Plaintiffs' did not intend for their individual state court Florida claims to be litigated in federal court, nor do they belong in federal court.

## BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs commenced this action on December 2, 2022, and filed their operative Complaint on December 5, 2022. ECF No. 1-2. That same day, and two months before Defendants filed their Notice of Removal, counsel for Defendant Brady emailed Plaintiffs' counsel and informed that "We are going to be representing several of the defendants in the above-captioned (and related) suits. Is somebody available to talk about the matters including service, etc.?" *See* **Exhibit A**. Similarly, on January 4, 2023, counsel for Defendant O'Leary reached out to Plaintiffs' counsel and advised "[w]e have been retained by Kevin O'Leary in the FTX related litigation pending in Miami state and federal courts," further indicating that they had received notice of the lawsuit prior to that date—long enough for Mr. O'Leary to review and appreciate the allegations against him, and to reach out and retain counsel to defend him against them. *See* **Exhibit B**. Although counsel for Ortiz states in the Notice of Removal that he was provided with a Notice of Commencement of Action and Waiver of Service of Process on January 11, 2023, he advised Plaintiffs' counsel ***in person*** on December 1, 2022, that he would be representing Mr. Ortiz in connection with his FTX brand ambassadorship in any federal or state court litigation, and reached out to Plaintiffs' counsel regarding specifically the *Norris* action shortly after it was filed. Thus, all Defendants have had notice of this action for much longer than thirty days prior to their filing of the Notice of Removal.

Plaintiffs allege in the State Complaint that Defendants each promoted, assisted in, and actively participated in, FTX Trading LTD d/b/a FTX's ("FTX Trading") and West Realm Shires

4

Services Inc. d/b/a FTX US's ("FTX US") (collectively, the "FTX Entities"), offer and sale of unregistered securities, in the form of identical Yield-Bearing Accounts ("YBAs"), in violation specifically of § 517.07 of the **_Florida Securities and Investor Protection Act_** (Count One), the **_Florida Deceptive and Unfair Trade Practices Act_**, §§ 501.201, Florida Statutes, *et seq.* (Count Two), and in furtherance of a Civil Conspiracy under **_Florida common law_** (Count Three). ECF No. 1-2. In Count Four of the Complaint, Plaintiffs seek a declaration pursuant to **_Florida's Declaratory Judgment Act_**, Florida Statutes §§ 86.011, *et seq.*, that the YBAs are unregistered securities. *Id.* It cannot be overstated that FTX decided to move its world headquarters to Miami, Florida, and that they made decisions and took actions from Miami, Florida, that the FSIPA and FDUTPA were specifically enacted to address in supervising and regulating Florida businesses to ensure that such conduct does not emanate from the State of Florida.

On January 20, 2023, Plaintiff Vijeth Shetty filed a motion for partial summary judgment, solely on the issue of whether the YBA he purchased was a "security" under Florida law. *See* ECF No. 1-4 at 9–11 (citing *Mehl v. Office of Financial Regulation*, 859 So.2d 1260 (1st DCA 2003) and explaining that "Florida courts are not bound by federal precedent, and must take into consideration the legislative purpose of the FSIPA in construing its laws," such that "while Florida state courts may look to federal courts and law for guidance in interpretating state securities laws, they also must interpret and apply the *Howey* test consistent with its legislative intent: to protect investors from fraudulent and deceptive practices in the sale and marketing of securities.").

On January 27, 2023, Plaintiffs' counsel reached out to Defendants' counsel to confer on Plaintiffs' request for a Status Conference specifically before Judge Hanzman to discuss, among other pending issues, a briefing schedule on the Motion for Partial Summary Judgment. *See* **Exhibit C**.

That same day and the day prior, Plaintiffs' counsel and counsel for Defendant Ortiz (who worked for the Receiver in the *CTS Collapse Litigation*) attended the University of Miami School of Law Class Action Forum ("MCAF"), an annual conference where judges, regulators, and practitioners hold panel discussions on current issues affecting class action and complex commercial litigation.[5]

---

[5] *See* https://www.law.miami.edu/events/cle/mcaf/index.html (accessed February 5, 2023). Judge Hanzman was one of the judges in attendance as a panel speaker.

CASE NO.: 23-20439-CIV-ALTONAGA/Damian

At the first day of the MCAF, January 26th, counsel for Defendant Ortiz approached Plaintiffs' counsel and requested a copy of the Motion for Partial Summary Judgment, having read about the motion in the press. Counsel for Defendant Ortiz stated to Plaintiffs' counsel that he would be happy when the other defense counsel finally entered their official appearances in this action, so that he would no longer have to circulate the pleadings between their offices, confirming that all Defendants were receiving pleadings and filings in the action even before their formal appearances.

At the second day of the MCAF, January 27th, counsel for Defendant Ortiz again approached Plaintiffs' counsel, acknowledging receipt of the email regarding the request for Status Conference, and stated that he would please need just a few days to consider the request, and to discuss with other two counsel for Defendants, but that he agreed a briefing schedule should be in place for the Motion for Partial Summary Judgment and that a status conference with Judge Hanzman "made sense." At no time during the discussion did Ortiz's counsel give ***any indication*** that the Defendants contemplated a belated removal of the action to federal court, and Plaintiffs' counsel thus agreed to hold off on seeking the Status Conference pending a response from Defendants. Plaintiffs were rewarded for such cooperation and professionalism, by receiving a unilateral Motion to Stay and then quickly a Notice of Removal.

On January 30, 2023, Plaintiffs' counsel filed a letter before Judge Moore in the *Garrison* action, explaining that the US Attorney reached out and advised that we should inform the Court that they will be seeking a stay of some of those proceedings pending the prosecution of Sam Bankman-Fried, as he is a defendant in the *Garrison* matter and some defendants are cooperating witnesses. *See Garrison, et al. v. Samuel Bankman-Fried, et al.*, No. 1:22-cv-23753-KMM, ECF No. 29-1 (S.D. Fla. Jan. 30, 2023).

Unsurprisingly, on January 31, 2023, Defendants filed a motion to stay this action before Judge Hanzman pending resolution of the *Garrison* action (which they knew the US Attorney was in the process of seeking to stay), and then quickly filed the Notice of Removal thereafter, in a transparent attempt to not only remove this action from Judge Hanzman's bench, but to stop it from being resolved entirely.

# **LEGAL ARGUMENT**

## I.     **Legal Standard**

Under 28 U.S.C. section 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently. *Francisco Sanchez v. Rincon Progreseno Corp.*, 447 F. Supp. 3d 1290, 1292 (S.D. Fla. 2020) (Altonaga, C.J.) (citing 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")). The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## II.    **Remand is Warranted Because Defendants' Untimely Notice of Removal Fails to Establish Jurisdiction Under 28 U.S.C. § 1334 as Plaintiffs' Claims Do Not Arise Out Of or Relate To Bankruptcy Proceedings.**

On February 3, 2022, the Defendants filed their Notice of Removal to this Court pursuant to Title 28, United States Code, Section 1452(a). Defendants argue that this civil proceeding is "related to" a bankruptcy proceeding in the United States Bankruptcy Court for the District of Delaware involving "FTX Trading Ltd. ('FTX') and 101 affiliated debtors (collectively the 'FTX Debtors')" because Defendants alleged that "certain of the FTX Debtors must indemnify and defend Defendants for the conduct alleged in the Amended Complaint, and certain Defendants' agreements with certain of the FTX Debtors entitle them to insurance proceeds." ECF No. 1, at ¶¶ 16–18. Thus, Defendants argue that removal is proper pursuant to 28 U.S.C. § 1334 and 1452.

Section 1452 provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a) (2022). In turn, Section 1334 provides district courts with "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a), (b) (2022). However, district courts **must** abstain from exercising jurisdiction of "a

proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section[.]" 28 U.S.C. §§ 1334(c)(2). Section 1334(c)(2) applies to state law claims that have been removed to federal court under section 1452(a). *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000) (holding that the mandatory abstention provision in § 1334(c)(2) applies to cases that are removed to federal court under § 1452).

As a preliminary matter, Defendants have not demonstrated that this case is "related to" a bankruptcy case, as they have provided no specificity concerning the nature or substance of the FTX bankruptcy or their purported rights arising thereunder. Defendants do not attach the purported contracts or insurance policies under which their purported rights arise, do not quote the applicable provisions from those documents, and do not identify which of the hundreds of "FTX Debtors" is required to indemnify the Defendants, or which of the "certain Defendants" supposedly would be entitled to exercise their rights to indemnification or insurance proceeds under those purported documents. *See Suarez v. Muscletech Research & Development, Inc.*, 06-20981-CIV, 2006 WL 8433564 at *1 (S.D. Fla. May 26, 2006) (finding that defendants had failed to demonstrate proper removal of a case under 28 U.S.C. § 1452 by providing no information regarding the nature of the bankruptcy proceeding). Indeed, other than Defendants' naked and factually unsupported statements that they have some unspecified rights to indemnification and insurance proceeds, from some unspecified "FTX Debtor," under some unspecified "agreements," there is nothing in Defendant's Notice of Removal from which the Court may glean a jurisdictional predicate under section 1334.[6]

Even if the Court were to ignore this ***glaring omission,*** it nevertheless would be compelled to abstain from exercising jurisdiction because all the elements of section 1334(c)(2) are satisfied.

---

[6] Even if they did attempt to provide such support, courts in similar circumstances have held that a mere allegation by a third party that a debtor is required to provide indemnity for a potential future liability is not sufficient under 1334, especially when there is no such third party litigation pending against the debtor and the claim for indemnification is purely theoretical. *See, e.g., Strobel v. Colgate-Palmolive Co.*, No. 219CV00767MCEKJN, 2019 WL 2710668, at *1–2 (E.D. Cal. June 28, 2019) (finding that debtors' alleged responsibility to provide indemnity and insurance to a third-party was not sufficient for "related to" jurisdiction under § 1334(b), because "the determination of any such liability will likely require separate litigation, apart and distinct from and irrelevant to these Plaintiffs' claims").

First, this motion for remand is brought within thirty days of removal, and therefore is timely. *See* 28 U.S.C. ¶ 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice or removal[.]"). Second, Plaintiffs' claims are based on the Florida Securities and Investor Protection Act, Fla. Stat. § 517.011, *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*; thus, they arise under Florida law, and not under the Bankruptcy Code. Third, this lawsuit – which involves Florida claims, by Florida plaintiffs, against Florida defendants – could not have commenced in federal court absent jurisdiction under 1334, particularly because there is admittedly no diversity jurisdiction or CAFA jurisdiction and, as explained below, there is certainly no federal question jurisdiction. Fourth, and finally, this lawsuit has commenced and can be timely adjudicated in the Complex Business Division of the of the Eleventh Judicial Circuit for Miami-Dade County – a state forum of appropriate jurisdiction which was specifically created to efficiently manage and adjudicate complex commercial cases.[7]

Lastly, the Notice of Removal was untimely filed, at least as to Defendant, Thomas Brady, who according to the Notice of Removal received a copy of this lawsuit on December 27, 2022, ECF No. 1, at ¶ 5, but who, in reality, had received notice of this action as far back as December 5, 2022. *See* Ex. A. Moreover, the facts suggest that Defendants Ortiz and O'Leary also learned of this action more than thirty days before they filed the Notice of Removal. *See* Exs. B & C. "Courts have split on whether 28 U.S.C. § 1446(b) (governing removals generally) or Bankruptcy Rule 9027 provides the appropriate time period for filing a notice of removal in cases related to a bankruptcy proceeding." *Christo*, 223 Fl.3d at 1331 n. 6. Under either provision, however, Mr. Brady's removal beyond thirty days from when he learned of the complaint, is untimely. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"); Fed. Bankr. R. 9027(a)(3) ("If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter

---

[7] Indeed, the New York Times recently covered Judge Hanzman's unprecedented speed and efficiency in managing and adjudicating the case over the deadly collapse of a beachfront condominium tower in Surfside, Florida. *See* https://www.nytimes.com/2022/09/03/us/surfside-condo-collapse-judge.html (accessed February 6, 2023).

9

of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed[.]").

Because this action does not "arise out of" or "relate to" a bankruptcy proceeding and removal was untimely, the Court should remand this action back to State Court for disposition.

### III. Remand is Necessary Under § 1447(c) Because the Court Lacks Subject Matter Jurisdiction as there is No Federal Question Jurisdiction Under § 1331.

This action must be remanded because there is simply no federal question jurisdiction under § 1331. Plaintiffs' individual action sets forth four clear claims under Florida law, which rise or fall on the question of whether the YBAs they each purchase are or are not "securities" ***under Florida (not federal) law.***

Defendants disingenuously assert that Plaintiffs seek in their complaint an adjudication as to "whether the YBAs are 'securities' under *federal* law." ECF No. 1 at 6 (emphasis added). The complaint alleges only Florida state law causes of action: Count One for violation of § 517.07 of the Florida Securities and Investor Protection Act, Count Two for violation of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201, Florida Statutes, *et seq.*, Count Three for Civil Conspiracy under Florida common law, and Count Four for a declaration pursuant to Florida's Declaratory Judgment Act, Florida Statutes §§ 86.011, *et seq.* Defendants rely on three words in a single paragraph of Count Four of the complaint, where Plaintiffs assert in their Florida Declaratory Judgment Act claim that they seek "an order declaring that the YBAs are securities required to be registered with **the SEC and** state regulatory authorities." ECF No. 1-2 ¶ 101 (emphasis added). The mere mention of the SEC in a 32-page, 101-paragraph complaint cannot reasonably provide grounds for removing an entire case to federal court, especially when the addition of such words are entirely superfluous in the context of the claims Plaintiffs assert, and as such amount to no more than a simple scrivener's error.

As explained in Plaintiff Vijeth Shetty's pending Motion for Partial Summary Judgment, ECF No. 1-4, although it is true that "Florida state courts routinely look to interpretations of the federal securities laws for guidance in interpreting Florida's securities laws," it is also true that "Florida courts are not bound by federal precedent, and must take into consideration the legislative purpose of the FSIPA in construing its laws," which, "as its title makes clear, [was designed] to protect the public from fraudulent and deceptive practices in the sale and marketing of securities." *Id.*, at 10–11 (citing *Mehl v. Office of Financial Regulation*, 859 So.2d 1260 (1st DCA 2003)). Thus, the question asked to be resolved in Plaintiffs' individual Florida state court action is whether

the YBAs at issue constitute securities required to be registered pursuant to the FSIPA, which is an independent state court basis for relief.

Defendants inexplicably fail to alert the Court to *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016), which, after analyzing the applicable standards in *Grable* and *Gunn*, affirmed the Third Circuit's reversal of an order denying remand, concluding the district court "did not have jurisdiction of [plaintiff's] suit under § 1331 because all his claims sought relief under [New Jersey] state [securities] law and none necessarily raised a federal issue." *Id.*, 393.[8]

As the Third Circuit explained in *Manning*, "[f]or a federal issue to be necessarily raised, 'vindication of a right under state law [must] necessarily turn[ ] on some construction of federal law.'" *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014), *aff'd,* 578 U.S. 374 (2016) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

One important reason that the Third Circuit found that a federal issue was not "necessarily raised" in plaintiff's New Jersey state securities law violation claims was because there was the possibility for the New Jersey state court to find a violation even where a federal court could conceivably find the opposite under analogous federal law. *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 164 (3d Cir. 2014), *aff'd,* 578 U.S. 374 (2016) ("Moreover, the Supreme Court of New Jersey, exercising its common-law authority over New Jersey's general securities fraud provisions, has not shied away from deviating from federal law. *See Kaufman v. i–Stat Corp.,* 165 N.J. 94, 97, 754 A.2d 1188 (2000) ("Even though the theory of fraud on the

---

[8] The law is replete with decisions that confirm that "*Grable* jurisdiction" is "narrow and unusual," and that references to federal law in state law causes of action do not convert those claims into ones that implicate federal question jurisdiction. *See Stern v. Baldwin*, CIV.A 09-4167(WJM), 2010 WL 125843, at *4 (D.N.J. Jan. 7, 2010), *report and recommendation adopted,* CIV. 09-4167(WJM), 2010 WL 1142034 (D.N.J. Mar. 24, 2010) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) and explaining "that *Grable* is meant to apply only when the federal element in a state law claim "qualifies as 'substantial' and its resolution" would not only be dispositive of the case **but would be controlling** in other cases.") (emphasis added); *see also Ekas v. Burris*, 07-61156-CIV, 2007 WL 4055630, at *3–4 (S.D. Fla. Nov. 14, 2007)(collecting cases and concluding that "since resolution of the state claims will not require an inquiry into federal securities law, there is no basis for federal court jurisdiction."); *Lougy v. Volkswagen Group of Am., Inc.*, CV 16-1670 (JLL), 2016 WL 3067686, at *4 (D.N.J. May 19, 2016) (collecting cases and explaining that various courts reject finding *Grable* jurisdiction "simply because a federal violation was relevant to the claim");

market has a place in the securities law of this nation, it is a stranger to New Jersey's securities laws. It is also not consistent with the current requirements for a common-law action for fraud in New Jersey.").").

*Mehl* clearly establishes that the same circumstances are found here such that the Court should conclude Plaintiffs' complaint does not "necessarily raise" a federal issue, and therefore the Court should remand for lack of subject matter jurisdiction under § 1331. In *Mehl*, the First DCA affirmed the Office of Financial Regulation's conclusion that an investment contract was a "security" under Florida state law, even in the face of a federal decision that the OFR acknowledged was so factually similar that "if the Eleventh Circuit's decision were binding on Florida courts, we would be compelled to follow it," because the OFR concluded, simply "it is not controlling." *Mehl*, 859 So. 2d, 1263–64.

Moreover, to the extent Defendants submit that the reference to the SEC in paragraph 101 of the Complaint somehow converts this action into one seeking a federal remedy, this Court recently remanded a class action involving a similar dispute in *Francisco Sanchez v. Rincon Progreseno Corp.*, 447 F. Supp. 3d 1290 (S.D. Fla. 2020) (Altonaga, C.J.), where defendants sought to remove a state court action that "clearly set forth three claims arising under Florida and not federal law," but which erroneously included a reference in a paragraph of the complaint that stated defendant was "required to pay Plaintiff the full minimum wage required by the FLSA" rather than "required by Florida law." *Id.*, 1292. In remanding the action to state court, this Court rejected the defendants' arguments and concluded that the paragraph, coupled with a "catch-all" phrase in the prayer for relief, "did not convert [plaintiff's] Complaint to one seeking relief under the FLSA," and plaintiff "unmistakably sought relief only under Florida law." *Id.*, 1293.[9]

Simply put, "§ 1331 does not provide a basis to exercise jurisdiction over Plaintiffs' claims" because they "could rise or fall entirely based on the construction of state law." *Manning*, 772 F.3d at 165 (further distinguishing facts from *D'Alessio* "where a court was 'require[d] ... to construe federal securities laws,' because the plaintiff alleged that the New York Stock Exchange 'failed to perform its statutory duty, *created under federal law*, to enforce its members' compliance

---

[9] To the extent necessary, Plaintiffs respectfully request that they be afforded leave to amend the complaint by interlineation to simply remove the words "the SEC and" from paragraph 101 of the Complaint, particularly since nowhere in the Complaint do they affirmatively plead **any federal causes of action or seek relief under any federal claims.**

with those laws.'") (emphasis in original).[10] Thus, the Court should remand this action because Defendants "have failed to carry their burden of showing federal subject matter jurisdiction exists," especially because "all doubts about jurisdiction should be resolved in favor of remand to state court." *Francisco Sanchez*, 447 F. Supp. 3d at 1293 (citing *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

### IV. The Court Should Award Plaintiffs Attorneys' Fees and Costs Incurred in Seeking Remand of this Action as Defendants Had No Objectively Reasonable Basis to Remove in the First Place.

Defendants' removal of this action was meritless and as the surrounding facts reveal, was done simply as a delay tactic to avoid adjudicating these issues in the state court (Plaintiffs' chosen forum). Plaintiffs thus request the Court award costs, expenses, and attorneys' fees incurred as a result of the improper removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (holding that a court may award costs and expenses, including attorneys' fees, where the removing party lacked an objectively reasonable basis for seeking removal). Where the Court finds that "[r]emoval was objectively unreasonable from the beginning," an award of fees and costs to plaintiffs is warranted. *See Bentley v. Miami Air Int'l, Inc.*, 377 F. Supp. 3d 1337, 1346 (S.D. Fla. 2019) (Altonaga, C.J.) (citing *Owens v. Moreland*, No. 2:15-cv-80-FtM-29DNF, 2015 WL 2200352, at *2 (M.D. Fla. May 11, 2015) (granting request for attorney's fees under 28 U.S.C. section 1447(c) where removal "was unreasonable from the beginning" and "there was no federal claim or any arguable basis for a federal issue.")).

---

[10] This action is further distinguishable from *Turbeville v. Fin. Indus. Regulatory Auth.*, 874 F.3d 1268 (11th Cir. 2017), where the Eleventh Circuit held that an action alleging the Financial Industry Regulatory Authority (FINRA) committed securities fraud was one necessarily "arising under" the Exchange Act and therefore within the ambit of § 1331 because FINRA is a federal "Self-Regulatory Organization ('SRO')," which acts "under color of federal law as deputies of the federal government," and therefore "[i]n order to determine [plaintiff's] claims that FINRA's regulatory investigation and disclosure of that investigation on a regulatory database were outside its authority and in violation of FINRA rules and regulations, the Court must necessarily interpret FINRA's rules and regulations. And because those rules and regulations are promulgated according to the Exchange Act's mandates, their interpretation unavoidably involves answering federal questions." *Turbeville v. Fin. Indus. Regulatory Auth.*, 874 F.3d 1268, 1275 (11th Cir. 2017) (internal quotations omitted).

Here, this action is not only subject to mandatory remand under § 1334(c)(2) as it is entirely based on state law causes of action that could not have been brought before this Court in the first instance, and therefore does not arise out of or relate to any bankruptcy proceedings, this action must also be remanded as the Court lacks subject matter jurisdiction pursuant to § 1447(c) as there is clearly no federal question implicated sufficient to trigger jurisdiction under § 1331.

## CONCLUSION

Plaintiffs respectfully request that the Court grant this Motion and remand this action back to State Court, together with such other and further relief as the Court deems just, equitable, and proper.

## REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully requests that the Court hear oral argument on this Motion, and respectfully submit that half an hour should be sufficient for all Parties to argue the issues presented.

CASE NO.: 23-20439-CIV-ALTONAGA/Damian

Dated: February 6, 2023

Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/David Boies*
David Boies
(*Pro Hac Vice* Application Forthcoming)
Alexander Boies
(*Pro Hac Vice* Application Forthcoming)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
uungaro@bsfllp.com

**By:** */s/Jose M. Ferrer*
Jose M. Ferrer
Florida Bar No. 173746
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440
jose@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs*

*CASE NO.: 23-20439-CIV-ALTONAGA/Damian*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on February 6, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280