UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20439-CIV-ALTONAGA/Damian

MICHAEL NORRIS, *et al.*,

    Plaintiffs,

v.

THOMAS BRADY, *et al.*,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DEFER OR EXTEND DEADLINES SET BY ORDER [ECF No. 6] AND ORDER REQUIRING SCHEDULING REPORT AND CERTIFICATES OF INTERESTED PARTIES [ECF No. 7]**

Defendants Tom Brady, Kevin O'Leary, and David Ortiz (collectively, "Defendants") respectfully request that the Court defer or extend the deadlines set by its *Order* ("*Order Requiring Removal Status Report*") [ECF No. 6], which requires Defendants to file a *Removal Status Report* by Monday, February 13, 2023, and its *Order Requiring Scheduling Report and Certificates of Interested Parties* ["*Order Requiring Scheduling Report*"; ECF No. 7], which requires the filing of a Local Rule 16.1 joint scheduling report, also by Monday, February 13, 2023.

In support of this motion, Defendants state:

1.  On February 3, 2023, Defendants filed a *Notice of Removal* [ECF No. 1], removing this case—which raises identical claims and issues as the first-filed, functionally-identical lawsuit styled *Garrison v. Bankman-Fried*, No. 1:22-cv-23753-KMM (the "*Garrison* Action")—to federal

court because it is both "related to" FTX's bankruptcy proceedings, and raises substantial federal issues that should be decided in a federal forum in the first instance. *See Notice of Removal* ¶ 14.[1]

2. The action as removed had two pending motions: *Defendants' Motion to Stay in Favor of First-Filed Federal Action* ("*Defendants' Motion to Stay*") [ECF No. 4-1] and *Plaintiff Vijeth Shetty's Motion for Partial Summary Judgment on Whether the YBA He Purchased Was a "Security"* ("*Plaintiff Shetty's Motion for Partial Summary Judgment*") [ECF No. 1-4].

3. That same day (February 3, 2023), the Court issued its *Order* requiring Defendants to file a *Removal Status Report* by Monday, February 13, 2023, and its *Order Requiring Scheduling Report* requiring the filing of a Local Rule 16.1 joint scheduling report, also by Monday, February 13, 2023.[2]

4. On February 6, 2023, Plaintiffs moved to remand [ECF No. 22].

5. Also on February 6, 2023, the Court issued an *Order* [ECF No. 24], which denied without prejudice *Defendants' Motion to Stay* and *Plaintiff Shetty's Motion for Partial Summary Judgment* and stayed Defendants' deadline to respond to the operative *Amended Complaint* [ECF No. 1-1] "until the Motion to Remand and any renewed motion to stay are resolved." *Order* at 1.

6. Defendants request that the February 13, 2023, deadline set by the *Order Requiring Removal Status Report* be deferred (if not canceled) because it has been functionally mooted by the Court's determination that it will address the remand question first and foremost. As a result, a *Removal Status Report* appears no longer necessary. Every point required to be addressed in a *Removal Status Report* will be addressed in Defendants' opposition to *Plaintiffs' Motion to*

---

[1] As a result of the removal and the first-filed *Garrison* Action, the Court has pending two nearly identical lawsuits that trigger intra-district transfer issues governed by S.D. Fla. I.O.P. 2.06.00 and S.D. Fla. I.O.P. 2.15.00, which are issues to be addressed and resolved by the two Judges involved.

[2] Defendants do not seek to extend the requirement that they file certificates of interested parties and corporate disclosure statements. *See id.* at 1.

*Remand*, which is due to be filed on February 21, 2023 (because February 20, 2023, is a federal holiday).

7. Similarly, Defendants request that the February 13, 2023, deadline set by the *Order Requiring Scheduling Report* be deferred or extended because the Court's determination, first, regarding whether this action should be remanded and then, second, whether this action should be stayed in favor of the *Garrison* Action will directly impact every joint scheduling issue—and, if the Court finds the first-filed rule applies here, moot any scheduling issues in this action because they will be addressed in the context of the *Garrison* Action.[3]

8. Finally, although not directly implicated by Defendants' request to defer or extend the February 13, 2023, deadlines, Defendants want to bring to the Court's attention concerns expressed by the United States Attorney for the Southern District of New York relating to party and/or third-party discovery in this action and the *Garrison* Action.

9. On January 30, 2023, Plaintiffs in the *Garrison* Action submitted a letter to the Court referencing a criminal case against Sam Bankman-Fried, a defendant in the *Garrison* Action.[4] Plaintiffs' letter states that Plaintiffs were contacted by the United States Attorney's

---

[3] Defendants note that the Court has the authority to decide whether to stay this action before considering *Plaintiffs' Motion for Remand*. Because a stay under the first-filed rule "is not a determination of the merits, a court need not establish that it has subject matter jurisdiction . . . before proceeding to consider whether the first filed rule should be applied." *Burgess v. Universal City Dev. Partners, Ltd.*, No. 19-cv-2156-Orl-78LRH, 2020 WL 7251382, at *1 n.1 (M.D. Fla. Apr. 30, 2020) (citation omitted); *see also Cadle v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) (affirming district court's refusal to "apply a jurisdictional requirement to the first-to-file rule"). In addition, district courts in this Circuit routinely decide motions to stay before motions to remand, much less summary judgment motions, in similar circumstances. *See, e.g.*, *Marietta Drapery & Window Coverings Co. v. N. River Ins.*, 486 F. Supp. 2d 1366, 1368 n.2 (N.D. Ga. 2007) (citations omitted); *Mun. Gas Auth. of Ga. v. Town of Smyrna*, No. 1:11-cv-2476-JEC, 2012 WL 1038649, at *3 (N.D. Ga. Mar. 27, 2012).

[4] In addition to the related *Garrison* Action, there are several additional pending lawsuits that raise issues also raised by this action, including *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del.) (the "Bankruptcy Action"); *United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK)

Office for the Southern District of New York, which is prosecuting the Criminal Action, and that Plaintiffs understand that the United States Attorney's Office may seek to stay some portion of the *Garrison* Action. *See Garrison* Action ECF No. 29-1.

10. In light of Plaintiffs' letter, counsel for Defendant Brady contacted the Southern District of New York United States Attorney's Office. Defendants' current understanding is that the United States Attorney's Office has concerns with certain party and/or third-party discovery that involves or implicates FTX defendants or witnesses proceeding in either the *Garrison* Action or this action (among other currently pending actions). Specifically, the United States Attorney expressed concern that discovery in these actions could significantly interfere with the prosecution of the Criminal Action. *See, e.g.*, CFTC Action ECF No. 33 at 7; SEC Action ECF No. 12 at 7.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court defer or extend the February 13, 2023, deadlines for a joint scheduling report and a *Removal Status Report*, and such other and further relief as the Court deems just and proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Christopher S. Carver, counsel for Defendant Ortiz, and Jessica Stebbins Bina, counsel for Defendant Brady, certify that they conferred with Howard Bushman, counsel for Plaintiffs, on February 9, 2023, by telephone conversation at approximately 8:00 p.m. and by follow-up e-mail shortly thereafter, with respect to the request to extend or defer the February 13, 2023, deadlines. As of the time of this filing (approximately 10:15 a.m.), Plaintiffs' position is not known.

---

(S.D.N.Y.) (the "Criminal Action"); *SEC v. Bankman-Fried*, No. 1:22-cv-10501-PKC (S.D.N.Y.) (the "SEC Action"); and *Commodity Future Trading Commission v. Bankman-Fried*, No. 1:22-cv-10503-PKC (S.D.N.Y.) (the "CFTC Action").

4

Dated:  February 10, 2023

Respectfully submitted,

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444

By: */s/ Roberto Martínez*
   Roberto Martínez
   Florida Bar No. 305596
   bob@colson.com
   Stephanie A. Casey
   Florida Bar No. 97483
   scasey@colson.com
   Zachary Lipshultz
   Florida Bar No. 123594
   zach@colson.com

**LATHAM & WATKINS LLP**
   Andrew Clubok (*pro hac vice*)
    *andrew.clubok@lw.com*
   Susan E. Engel (*pro hac vice*)
    *susan.engel@lw.com*
   Brittany M.J. Record (*pro hac vice*)
    *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
   Marvin S. Putnam (*pro hac vice*)
    *marvin.putnam@lw.com*
   Jessica Stebbins Bina (*pro hac vice*)
    *jessica.stebbinsbina@lw.com*
   Elizabeth A. Greenman (*pro hac vice*)
    *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax:  +1.424.653.5501

**LATHAM & WATKINS LLP**
   Michele D. Johnson (*pro hac vice*)
    *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Thomas Brady*

**AKERMAN LLP**
201 East Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
    Christopher S. Carver
    Florida Bar No. 993580
    christopher.carver@akerman.com
    Jason S. Oletsky
    Florida Bar No. 9301
    jason.oletsky@akerman.com
    Katherine A Johnson
    Florida Bar No. 1040357
    katie.johnson@akerman.com

*Attorneys for Defendant David Ortiz*

**MARCUS NEIMAN RASHBAUM**
**& PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200
2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
    Jeffrey Neiman
    jneiman@mnrlawfirm.com
    Fla Bar. No. 544469
    Jeffrey Marcus
    jmarcus@mnrlawfirm.com
    Fla. Bar No. 310890
    Michael Pineiro
    mpineiro@mnrlawfirm.com
    Fla. Bar No. 041897
    Brandon Floch
    bfloch@mnrlawfirm.com
    Fla. Bar No. 125218

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
abrettler@berkbrettler.com

*Attorneys for Defendant Kevin O'Leary*