UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-cv-20439-MOORE

MICHAEL NORRIS, *et al.*,

    Plaintiffs,

v.

THOMAS BRADY, *et al.*,

    Defendants.

                                 /

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REMAND**

Defendants erroneously argue federal question jurisdiction exists over Plaintiffs' claim that the FTX YBAs—promoted in Florida, by Florida Defendants, to Florida citizens—are "securities" under *federal* law. But Plaintiffs' only securities claim is that Defendants violated FSIPA. While Defendants seize on a single erroneous reference to the SEC in Count Four to argue otherwise, they are wrong because (1) Plaintiffs confirmed the SEC reference was an unnecessary scrivener's error, and expressly disavow any intent to seek federal relief; and (2) the reference does not convert these claims to federal ones where Florida courts look to federal law for guidance in adjudicating FSIPA claims, but ultimately apply a separate and distinct state standard.[1]

Defendants' argument that "related to" jurisdiction exists is equally unfounded. Courts repeatedly have held that a third-party's potential claim for indemnity against a debtor does not create "related to" jurisdiction, including where (1) Defendants do not contend they have asserted indemnity claims against the bankruptcy estate, which depend on a sequence of contingencies occurring before they could have any conceivable impact on the debtor; and (2) Defendants' liability is based on their own alleged unlawful conduct distinct from that of FTX such that the FTX Debtors clearly are not the real parties in interest. Finally, even if there were "related to" jurisdiction under § 1334, the mandatory abstention provision in § 1334(c)(2) applies.

With no basis for federal jurisdiction, this case should be remanded to state court.

## ARGUMENT

### I. The Court Lacks Jurisdiction under 28 U.S.C. § 1331

Defendants concede Plaintiffs' causes of action do not arise under federal law. They claim, based on Count Four of the Complaint alone, that this case is in the "special and small category of cases that warrant federal jurisdiction over a state law claim." *See Batchelor v. Deloitte & Touche,*

---

[1] Defendants admit federal law does not control whether they are liable for violating FSIPA. ECF No. 37 ("Opp.") at 8 ("state and federal law have been interpreted to define securities differently").

1

*LLP*, 08-cv-22686, 2009 WL 1255449, at *4 (S.D. Fla. Apr. 27, 2009) (citation omitted); *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (*Grable* jurisdiction is a "slim category"). Count Four, however, does not satisfy the requirements for *Grable* jurisdiction.

### a. Count Four Does Not Necessarily Raise a Federal Issue

A claim "necessarily raise[s]" a federal issue when its elements "require resolution of an issue of federal law." *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1297 (11th Cir. 2008). Defendants claim Count Four "necessarily raises" a federal issue, arguing Plaintiffs seek a declaration "establishing affirmative rights under federal law." Opp. at 6. Not so. Count Four seeks a declaration that FTX's YBAs are "securities" *under Florida law*. Count One—which Defendants concede arises only under Florida law—*is* the "coercive action" underpinning Count Four—not a federal § 10(b) claim. Opp. at 7. Count Four does not "necessarily raise" a federal issue.

Defendants' claims to the contrary are meritless. First, Defendants' sole basis for their incorrect claim that "Plaintiffs seek to establish an affirmative federal right," Opp. at 7, is the mere presence of the following three-word scrivener's error— "required to be registered with **the SEC and** state securities regulators"—a single time in Plaintiffs' Complaint.[2] Courts, however, repeatedly have disregarded similar references when considering *Grable* jurisdiction.[3]

*Sanchez v. Rincon Progreseno Corp.*, 447 F. Supp. 3d 1290 (S.D. Fla. 2020) is instructive on this point. There, the plaintiff's complaint inadvertently referred to a federal statute but brought claims only under Florida's Minimum Wage Act. *Id*. at 1292. The plaintiff filed an amended

---

[2] Plaintiffs rightly requested fees and costs under Section 1447(c) where Defendants premised their removal solely on this single phrase. *See, e.g.*, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (court may award costs and fees where party lacked reasonable basis to remove).

[3] *See, e.g.*, *Meyer v. Health Mgmt. Assocs., Inc.,* 841 F. Supp. 2d 1262, 1272 (S.D. Fla. 2012); *Paulet v. Farlie, Turner & Co., LLC*, 10-cv-21021, 2010 WL 2232662, at *3–*4 (S.D. Fla. June 2, 2010)*; Salav v. Boyland Auto Orlando, LLC*, 07-cv-1892, 2008 WL 254127, *4 (M.D. Fla. Jan. 29, 2008); *Ruiz v. Ringling Coll. of Art & Design, Inc.*, 22-cv-1684, 2023 WL 2072061, at *7 (M.D. Fla. Feb. 17, 2023).

complaint striking the error with its remand motion. *Id*. Where the plaintiff disavowed any intent to seek relief under federal law, the court found no *Grable* jurisdiction and remanded the case. Here, Plaintiffs also disavow any intent to seek relief under federal law and are prepared to amend their Complaint to strike the SEC reference. ECF No. 22 ("Mot.") at 12, n.9.[4]

Second, Defendants wrongly assert that Plaintiffs "could have brought" Count Four in federal court and that *Grable* jurisdiction therefore exists. Opp. at 6–7. A declaration that the YBAs must be registered under Florida state law in connection with Plaintiffs' claim that these Florida Defendants violated FSIPA is a state law claim properly brought in state court. *Ruiz*, 2023 WL 2072061 at *9 ("[state claims] are not turned into federal issues merely because they may be better pleaded as such."). Defendants' inability to cite a single case supporting their claim that Plaintiffs' state law claims are somehow federal claims because they could have brought a *different* claim under federal law is unsurprising. Their theory, if endorsed, would eviscerate the balance between federal and state jurisdiction by providing federal courts with subject matter jurisdiction over any state law claim that may be founded on facts that could also support a federal claim.[5]

Third, Defendants baselessly claim that the purported "purpose" of the Complaint creates

---

[4] Defendants nonsensically assert Plaintiffs' willingness to amend is "gamesmanship." Opp. at 11, n.9. Plaintiffs simply do not seek a declaration of federal law—they seek a declaration under Florida law that the YBAs are securities under FSIPA, which uses a different standard than the federal counterpart. Defendants also incorrectly rely on *Roman*, where plaintiff sought "*multiple forms of relief* under the FLSA" and failed to disavow any intent to seek federal relief. *See* Opp. at 9; *Roman v. Hooters Spring Hill, Inc.,* 16-cv-01332, 2016 WL 8997452, at *2 (M.D. Fla. July 8, 2016). *Turbeville* also is inapposite, where a ruling as to state law would have left the plaintiff's request for relief unresolved whereas, here, Plaintiffs' request relief only under Florida state law. *Turbeville v. Finra*, 874 F.3d 1268, 1275 (11th Cir. 2017).

[5] *Household Bank* is inapposite and does not stand for the proposition that jurisdiction exists if Plaintiff "could have" asserted "both state and federal law claims." *Household Bank* instead concerned a scenario where the plaintiff anticipated being sued in a potential underlying suit by the defendant, and plaintiff intended to assert a preemptive declaratory judgment action to assert a defense to the threatened underlying suit. *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1254 (11th Cir. 2003). The underlying suit was not yet filed, so its governing law was unknown.

3

federal jurisdiction. Opp. at 8. The *Grable* requirements set forth the relevant inquiry, none of which rely on the Complaint's purported "purpose." Rather, the inquiry is whether Count Four necessarily raises federal issues and otherwise meets *Grable's* requirements. It does not. And, as Defendants note, Plaintiffs moved for partial summary judgment on Count Four *only* under Florida law before Defendants removed the case. *Id.* at 18. In resolving that motion, even if the state court looked to interpretations of the federal securities laws for *guidance*, the court would not decide issues of federal law, nor would its determination be controlling as to federal law.[6]

### b. Count Four Does Not Raise a Substantial Federal Issue

Even assuming Count Four raises a federal question, it is not a "substantial" one under *Grable*. *See Stern v. Baldwin*, cv-09-4167, 2010 WL 125843, at *4 (D.N.J. Jan. 7, 2010). Federal jurisdiction does not exist "simply because a federal violation [i]s relevant to the claim."[7] Rather, the federal issue must "not only be dispositive of the case but [] be controlling in other cases." *Stern*, 2010 WL 125843, at *4.[8] Defendants incorrectly argue that Count Four raises a "substantial" federal issue because it may implicate "multiple suits" in federal court. Opp. at 11. But the state court's determination of Florida law is not controlling in the federal system and, if the state court opines on federal law, "federal courts would not be bound by the state court's interpretation of [federal law]." *Ruiz*, 2023 WL 2072061, at *4; *Meyer*, 841 F. Supp. 2d at 1270.

---

[6] *See Mehl v. Office of Financial Regulation*, 859 So.2d 1260, 1264–65 (1st DCA 2003) (citing *E.F. Hutton & Co. v. Rousseff*, 537 So.2d 978, 979 (Fla. 1989) ("while the various states' securities laws operate in conjunction with federal law, federal laws do not supersede state law," rejecting Eleventh Circuit analysis and finding instrument was a security under more expansive FSIPA).
[7] *Lougy v. Volkswagen Group of Am., Inc.*, cv-16-1670, 2016 WL 3067686, at *4 (D.N.J. May 19, 2016); *Meyer*, 841 F. Supp. 2d at 1272; *Perez v. Jacobsen Mfg., Inc.*, 16-cv-830-T-30, 2016 WL 3344671, at *2 (M.D. Fla. June 15, 2016).
[8] "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit;" instead the inquiry emphasizes "the importance of the issue to the federal system as a whole." *Gunn v. Minton*, 568 U.S. 251, 260 (2013). The "need to apply federal law in a state-law claim" will not "suffice to open the 'arising under' door." *Adventure Outdoors*, 552 F.3d at 1300.

### c. Count Four Does Not Meet the Other Requirements under *Grable*

Finally, Defendants' position poses serious risks of upsetting the "congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Where, as here, Florida courts look to federal securities law as persuasive in interpreting state securities laws, SEC references are expected, and should not detract from the fact that the claims do not seek resolution of federal law. If references to the SEC or federal law in a complaint justified removal, it would effectively enact a wholly unintended federal preemption on state securities claims.[9]

### II. The Court Lacks "Related to" Jurisdiction Over Plaintiffs' State Law Claims

Defendants argue there is "related to" jurisdiction under 28 U.S.C. § 1334, claiming "this action would have a direct and conceivable effect on the FTX bankruptcy estates." Opp. at 11. Defendants rely on *In re Lemco Gypsum, Inc.*, 910 F.2d 784 (11th Cir. 1990), which adopted the Third Circuit's test in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), that there may be "related to" jurisdiction if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.*, 994. Defendants' arguments are meritless.

### a. Defendants' Unasserted Indemnification Claims Do Not Sufficiently Impact the FTX Bankruptcy Estate

Courts repeatedly have rejected Defendants' argument that Plaintiffs' state law claims give rise to "related to" jurisdiction because they potentially could result in Defendants asserting indemnification claims against the FTX Debtors. Defendants' argument hinges on an untenable reading of the word "conceivable" that ignores *Pacor*, where the court found that the claims did not "affect the estate" so there was no "related to" jurisdiction, where a judgment "could not itself

---

[9] *See Perez*, 2016 WL 3344671, at *4 ("If this case remains in federal court, the Court 'might as well set out the welcome mat' for any and every state FDUTPA claim premised upon a violation of a federal statute, rule, or regulation."); *accord Adventure Outdoors*, 552 F.3d at 1302.

5

result in even a contingent claim against" the debtor where defendant still had to "bring an entirely separate proceeding to receive indemnification." *Pacor*, 743 F.2d at 995; *see also In re Federal–Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir.2002) (discussing *Pacor*). As in *Pacor*, Defendants would have to bring separate indemnification actions after Plaintiffs obtain a judgment against them. There is thus no "related to" jurisdiction.

Defendants try to avoid that outcome, arguing their indemnification agreements are "self-executing," and "do not depend on the commencement of a separate proceeding to determine FTX's obligations." Opp. at 13. Defendants cite two distinguishable cases in which courts exercised "related to" jurisdiction based on a self-executing "duty to defend" in an indemnification provision requiring the indemnitor's immediate advancement of defense costs for claims brought against the indemnitee, regardless of merit or their coverage under the scope of the agreement. *See In re LTC Holdings, Inc.*, 587 B.R. 25, 39 (Bankr. D. Del. 2018); *In re Millennium Lab Holdings II, LLC*, 591 B.R. 559 (D. Del. 2018). But courts refuse to infer a self-executing duty where, as here, that language is absent and the provision merely provides a general duty to defend and indemnify.[10] In addition, Defendants apparently have not notified the FTX Debtors of the supposed indemnification claims or filed proofs of claim, which alone defeats "related to" jurisdiction.[11]

**b. Defendants Have Failed to Establish That the Parties Share an Identity of**

---

[10] *See In re Imerys Talc America, Inc.*, 19-mc-103, 2019 WL 3253366, at *2 (D. Del. July 19, 2019) (declining to infer duty to "defend" was automatic); *accord Strobel v. Colgate-Palmolive Co.*, 19-cv-0076, 2019 WL 2710668, at *2 (E.D. Cal. June 28, 2019); *Nicolas v. Johnson & Johnson*, 19-cv-01153, 2019 WL 2482380, at *2 (D.S.C. June 14, 2019).

[11] *See Allstate Ins. Co. v. Credit Suisse Secs. (USA)*, 11-cv-2232, 2011 WL 4965150, at *5 (S.D.N.Y. Oct. 19, 2011) (no "related to" jurisdiction where indemnitee did not timely file proofs of claim in indemnitors' bankruptcy); *accord Allstate Ins. Co. v. Merrill Lynch & Co.*, 11-cv-2280, 2011 U.S. Dist. LEXIS 124333, at *6–9 (S.D.N.Y. Aug. 15, 2011); *Sealink Funding Ltd. v. Bear Stearns & Co.*, 12-cv-1397, 2012 WL 4794450 (S.D.N.Y. Oct. 9, 2012); *Prudential Ins. Co. of America v. Barclays Bank PLC*, cv-12-5854, 2013 WL 221995, at *4 (D. N.J. Jan. 22, 2013).

**Interest Sufficient to Justify "Related to" Jurisdiction**

Defendants incorrectly—and without authority—assert that they have an "identity in interest" with the FTX Debtors sufficient to support "related to" jurisdiction. Opp. at 14. An "identity in interest" between a debtor and a non-debtor will give rise to "related to" jurisdiction over claims against the non-debtor only in "unusual circumstances" where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). Here, it would be pure fiction to say the FTX Debtors are "the real party defendant" to Plaintiffs' claims. Plaintiffs do not assert claims against any FTX Debtor or their affiliates—they allege that these non-debtor, individual Defendants *are liable as promoters based on their own conduct*. That is separate from any liability the FTX Debtors may face as to claims not asserted here. And while Defendants argue that they "cannot fully or fairly litigate without impacting the 'rights, liabilities, options, or freedom of action' of the FTX Debtors," Opp. at 14, that wrongly presupposes that a Florida judgment against Defendants would bind the FTX Debtors but that is wrong, as discussed above.[12]

### c. Defendants Have Failed to Establish that Shared Insurance Impacts the FTX Bankruptcy Estate

The mere fact that the FTX Debtors and certain Defendants (allegedly) share insurance policies is insufficient to establish "related to" jurisdiction. There is no "related to" jurisdiction over claims against a non-debtor based on insurance policies shared between debtors and non-absent an evidentiary showing that the shared policies will, in fact, affect the debtor's bankruptcy estate. In *In re Combustion Engineering, Inc.*, for example, the court considered a similar claim of "related-to" jurisdiction based on shared insurance and found no "related to" jurisdiction. 391 F.3d

---

[12] Defendants' reliance on *Int'l Union of Op. Eng'rs Loc. 542 v. Mallinckrodt ARD, Inc.*, cv-21-114, 2021 WL 915722, at *5 (E.D. Pa. Mar. 10, 2021) is misplaced. There, the court found "related to" jurisdiction where plaintiff *named the debtors as defendants*.

190, 226 (3d Cir. 2004). The court explained: "[c]ourts finding 'related to' jurisdiction over claims against non-debtors based in part on shared insurance policies have relied not only on extensive record findings regarding the terms and operation of the subject policies, but also on additional evidence of automatic liability against the debtor." *Id.* at 233–224; *accord In re W.R. Grace & Co.*, 591 F.3d 164, 172 (3d Cir. 2009); *In re Imerys*, 2019 WL 3253366, at *5.

Defendants have not met their burden to establish a record showing that the policies give rise to subject matter jurisdiction. Defendants claim generally that "certain Defendants are entitled to insurance proceeds under policies procured by the FTX Debtors[,]" and that "[u]nder the policies identified thus far, claims of insureds are subject to a combined aggregate limit of $7,000,000, such that the claims of one insured would result in a dollar-for-dollar reduction in coverage available for all insureds." Opp. at 15–16. Beyond their *ipse dixit*, however, Defendants simply submit a 42-page policy, but fail to explain how it applies to Plaintiffs' claims, which Defendants are insured, whether the policy has been exhausted, how the FTX Debtors are covered, and how this insurance will deplete funds that otherwise belong in the FTX Debtors' estates, much less establish those premises factually and legally as required to show "related to" jurisdiction.

### III.   Abstention is Mandatory

Even if the Court were to find "related to" jurisdiction here, it still would be compelled to abstain because: (1) Plaintiffs timely moved to remand, (2) in a proceeding based on state claims, (3) related to a case under title 11, but not arising under title 11, (4) which could not have been commenced in federal court absent section 1334 jurisdiction, and (5) which was commenced and can be timely adjudicated in a state court with jurisdiction. *See* 28 U.S.C. § 1334(c)(2).

First, Defendants argue—without support and contrary to law—that Plaintiffs did not timely move for abstention because they sought it in their remand motion, and not in a separate motion. Opp. at 17. In fact, courts in the Eleventh Circuit routinely adjudicate abstention as part

of a motion for remand. *See In re United Container LLC*, 284 B.R. 162, 172 (Bankr. S.D. Fla. 2002) (deciding abstention in remand motion); *Christo v. Padgett*, 223 F.3d 1324, 1332 (11th Cir. 2000).

Second, Defendants argue abstention is improper because this case involves "complex questions of federal law that should be adjudicated in a federal forum." Opp. at 17. But erroneously repeating that federal claims predominate does not make it so. Contrary to Defendants' oft-repeated argument, this case does not involve ***any*** "complex questions of federal law," but instead raises purely state law questions arising under Florida law, as discussed above in Part I.

Third, Defendants speculate that this action would not be timely adjudicated in state court because it likely would be stayed or significantly delayed due to the state court's supposed "backlog."[13] But, the pertinent inquiry is simply "whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case." *In re United Container LLC*, 284 B.R. at 174. Under this standard, this proceeding can be timely adjudicated in state court. Defendants offer no meaningful evidence or argument that administering the FTX bankruptcy estate will be impaired if this case is remanded. And any effect the FTX Debtors' indemnity obligations to the Defendants might ultimately have would be the same wherever this case is litigated. Further, the state court is poised to proceed with this expeditiously and there is no reason to conclude otherwise. Indeed, this case was assigned to Florida's Complex Business Litigation Division, which has rules that facilitate the prompt resolution of cases, as here.[14] In fact, the state court already issued a case management order and scheduled case management

---

[13] On February 6, 2023, this Court denied Defendants' motion to stay based on the same comity principles they now claim would compel the state court to stay the case on remand. ECF No. 24.
[14] https://www.jud11.flcourts.org/About-the-Court/Ourt-Courts/Civil-Court/Complex-Business-Litigation - last accessed on March 10, 2023.

conferences when Defendants removed. Defendants' dilatory conduct in wrongfully removing this case without basis is what is delaying the state court from proceeding expeditiously with this case.

## IV. A Stay of this Proceeding Is Not Warranted

Without leave of Court, Defendants include in their Response an unauthorized motion to stay and close this action in favor of the *Garrison* action, which is separately pending before this Court. Like here, the *Garrison* plaintiffs have sued some, but not all, of the same defendants here for alleged violations of FSIPA and FDUTPA. Unlike here, however, *Garrison* is a putative class action which seeks to certify three different classes—a global class, a nationwide class, and a Florida subclass—whereas this case is an independent action brought by six individual Plaintiffs.

Defendants argue that the Court should close this case because these Plaintiffs allegedly could be *Garrison* class members. Defendants rely on *Greene v. H&R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010), which involved two proposed class actions that different plaintiffs filed against the same defendant, and the plaintiffs in the second case were opt-in class members of the class conditionally certified in the first. *See id*. at 1365–67. Here, Plaintiffs (1) cannot be included in the uncertified *Garrison* class; (2) lack privity with the *Garrison* plaintiffs, and (3) asserted distinct claims from the *Garrison* plaintiffs. *Greene* provides no authority for staying or closing this case.[15]

## CONCLUSION

Plaintiffs respectfully request the Court remand this action back to State Court.

---

[15] *See Abraham v. WPX Prod., LLC*, cv-12-0917, 2016 WL 548251, at *17 (D.N.M. Jan. 25, 2016) (differentiating *Greene* and holding stay would be improper where neither class was certified); *see also Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 988 (10th Cir. 2002). (trial court abused its discretion by dismissing case based on prohibition against claim-splitting, even though (i) claims in both cases arose from defendant's single wrong, and (ii) plaintiffs in each case had identical boards of directors and officers).

CASE NO. 23-cv-20439-MOORE

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that half an hour should be sufficient for all Parties to argue the issues presented.

Dated: March 14, 2023

Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No.: 156113
Manuel A. Arteaga-Gomez
Florida Bar No.: 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** */s/Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By:** */s/Jose M. Ferrer*
Jose M. Ferrer
Florida Bar No. 173746
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440
jose@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 14, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280
