**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cv-20439-KMM

**MICHAEL NORRIS**, *et al.*,

    Plaintiffs,

v.

**TOM BRADY**, *et al.*,

    Defendants.

_____/

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE AND, IN THE
ALTERNATIVE, MOTION TO STAY IN FAVOR OF *GARRISON***

Defendants Thomas Brady, Kevin O'Leary, and David Ortiz ("Defendants") do not oppose consolidation of *Norris* and *Garrison*,[1] but do oppose any request by the Plaintiffs that would affect the ongoing motion-to-dismiss briefing in *Garrison*—including leave to amend the *Garrison* complaint. As the Court recognized in its Paperless Order to Show Cause [ECF 45], the cases are functionally the same. *Norris* and *Garrison* address the same issues and seek identical claims for relief, based on the same factual allegations asserted by functionally the same plaintiffs (who are all represented by the same counsel). The only difference between this action and the *Garrison* Action is that *Garrison* is a putative class action against eighteen defendants (including the three Defendants here), while this action involves individual claims against only the three named Defendants here; otherwise, the actions are functionally identical.

---

[1] "*Garrison*" or "*Garrison* Action" refers to *Garrison v. Bankman-Fried et al.*, No. 1:22-cv-23753, as referenced in the Court's Paperless Order to Show Cause.

In their pending motions to dismiss in *Garrison*, Defendants have requested dismissal as a matter of law—and with prejudice—because Plaintiffs have filed multiple iterations of their claims already and amendment cannot cure the dispositive legal flaws. The *Norris* complaint is a subset of the *Garrison* complaint, and there are no allegations made by the *Norris* plaintiffs that are not already made by the *Garrison* plaintiffs. Defendants have addressed all of the "substantive" allegations from both *Norris* and *Garrison* in the extensive motion to dismiss briefing filed in *Garrison*. There is thus no principled basis for amendment. Accordingly, Defendants believe consolidation would promote judicial economy, but only if it did not serve to impede the resolution of the pending motions in *Garrison*.

As an alternative to consolidation, the Court may exercise its discretion to stay the later-filed *Norris* pending final adjudication of *Garrison*. Given the overlapping claims, resolution of *Garrison* would resolve all issues raised in *Norris*. Proceeding in this manner would further the efficient determination of these cases, as it would obviate any requests by Plaintiffs to amend the *Garrison* complaint, to require an additional round of motion to dismiss briefing, and/or to delay the resolution of this case for months.

Accordingly, Defendants respectfully request that, if this action is to be consolidated with *Garrison*, the Court deny any request by Plaintiffs to substantively amend the operative pleadings. Further, Defendants request that their motions to dismiss in *Garrison* be deemed to apply to Plaintiffs here, because the claims and legal theories are identical, and that the briefing of those motions remain on the briefing schedule as currently set in *Garrison*. In the alternative, Defendants request that *Norris* be stayed in favor of the first-filed *Garrison*.

## BACKGROUND

This action is one of nine virtually-identical actions filed by Plaintiffs' counsel, first in this Court—starting with the *Garrison* Action, which was filed on November 15, 2022, *see Garrison*

ECF 1—and then in Florida state court. Each action raises substantially the same allegations and identical claims for relief against Defendants here and other defendants. Plaintiffs' counsel filed this instant action in Miami-Dade Circuit Court on December 2, 2022, making it one of six duplicative state-court actions with different plaintiffs and defendants.[2] Almost immediately, Plaintiffs' counsel dismissed the other five state-court actions and filed a new pleading in this action, with their other state-court plaintiffs joining Plaintiff Norris in the operative Amended Complaint (filed Dec. 5, 2022). *See* ECF 1-2 at 1 (file-stamp). This action was timely removed to this Court on February 3, 2023.

Prior to filing *any* of the state actions, including the instant action, Plaintiffs' counsel filed the *Garrison* Action and then two other actions in this Court; they were quickly ordered to

---

[2] The other five actions were also filed in the Miami-Dade Circuit Court. They are *Bo Yang v. Thomas Brady and Kevin O'Leary*, No. 2022-022015-CA-01 (filed Nov. 17, 2022); *Shengyun Huang v. Thomas Brady and Kevin O'Leary*, No. 2022-022139-CA-01 (filed Nov. 18, 2022); *Vijeth Shetty v. Thomas Brady and Kevin O'Leary*, No. 2022-022137-CA-01 (also filed on Nov. 18, 2022); *Michael Livieratos v. Thomas Brady and Kevin O'Leary*, No. 2022-022255-CA-01 (filed on Nov. 21, 2022); *Gary Rowan v. Gary Wang and Udonis Haslem*, No. 2022-022902-CA-01 (filed on Dec. 2, 2022). The procedural details of these actions and the then-current docket sheets for each are included in the copy of *Defendants' Motion to Stay in Favor of First-Filed Federal Action* ("*State-Court Stay Motion*"), originally filed in state court on January 31, 2023, and then re-filed in this Court after removal. *See* ECF 4-1 at 8–11 & Exs. J–N.

consolidate their two other actions with the *Garrison* Action.³ The *Garrison* Action is thus the first-filed out of all nine actions.

The end result of Plaintiffs' counsel's procedural maneuvers is that this action and the *Garrison* Action are the only two remaining parallel actions; all others have been consolidated or dismissed. As the Court observed in its Order, there is functionally no difference between the Amended Complaint ("AC") in this action and the Amended Complaint in the *Garrison* Action. The only substantive difference is that the first-filed *Garrison* Action is a putative global, nationwide, and Florida-wide class action against eighteen defendants—including instant Defendants Brady, O'Leary, and Ortiz, while this action brings individual claims against only three of the eighteen *Garrison* defendants. *See Garrison* AC ¶ 234; AC at, *e.g.*, 1. Review of the two pleadings shows that they are essentially identical, with the Amended Complaint in this action largely copied and pasted from the *Garrison* pleading: the factual allegations are near-identical, the claims for relief are identical, and Defendants here are also defendants in the *Garrison* Action. *Compare* AC *with Garrison* AC. Particularly important for the consolidation (or stay)

---

³ After filing the *Garrison* Action, Plaintiffs' counsel filed *Kavuri v. Bankman-Fried*, No. 22-cv-23817 (on Nov. 21, 2022), and *Podalsky v. Bankman-Fried*, No. 22-cv-23983 (on Dec. 7, 2022), which was assigned to Judge Bloom. On December 8, 2022, they voluntarily dismissed *Kavuri* and *Garrison*. On December 9, 2022, Judge Bloom *sua sponte* transferred *Podalsky* to this Court for all further proceedings pursuant to IOP 2.15.00. *See Podalsky* ECF 5. Also on December 9, 2022, this Court ordered *Podalsky* and *Garrison* consolidated under the original *Garrison* case number as the lead action. *See Podalsky* ECF 7. The *Podalsky* and *Garrison* plaintiffs were directed to file a consolidated amended complaint, which is the operative pleading in the *Garrison* Action. *See Garrison* Amended Complaint ("*Garrison* AC"; *Garrison* ECF 16).

determination, the factual allegations against the three Defendants here are virtually identical to the allegations against the Defendants in *Garrison*. *Compare Norris* AC ¶¶ 61-62 (Brady), 63-67 (O'Leary), 68-69 (Ortiz), *with Garrison* AC ¶¶ 205-210 (Brady), 211-215 (O'Leary), 218 (Ortiz).

In addition, Plaintiffs here are all members of the putative classes asserted in the *Garrison* Action, which makes them, as a practical matter, functional "plaintiffs" in both actions. Plaintiffs here each claim to have "purchased" a Yield Bearing Account ("YBA") from non-party FTX. *See* AC at ¶¶ 27-32. The putative classes in the *Garrison* Amended Complaint are similarly defined purchasers of Yield Bearing Accounts, as follows:

> **(1) Global Class:** All persons and entities residing outside of the United States who, within the applicable limitations period, purchased or enrolled in a YBA.
>
> **(2) Nationwide Class:** All persons or entities in the United States who, within the applicable limitations period, purchased or enrolled in a YBA.
>
> **(3) Florida Subclass:** All persons or entities in the state of Florida who, within the applicable limitations period, purchased or enrolled in a YBA.

*Id.* at 85-86 (¶ 234) (all bold and underline in original). The *Garrison* Action class definitions thus encompass every Plaintiff in this action.

As the Court is well-aware, the *Garrison* Action is much further down the procedural road than this action, with Defendants here having filed a joint motion to dismiss with eight other defendants (*Garrison* ECF 154) and multiple other *Garrison* defendants having also moved to dismiss (*Garrison* ECFs 139 & 156-59), which are all to be fully briefed by June 15, 2023. *See Garrison* ECF 132.

Recognizing the near-identical nature of the two cases, Defendants here initially filed a motion to stay this action in favor of the first-filed *Garrison* Action. *See* ECF 4-1. Upon removal, Chief Judge Altonaga (the originally assigned Court) *sua sponte* denied the *State-Court Stay Motion* and further ordered that the Court would first address Plaintiffs' motion to remand

[ECF 22] and then, in the event remand were denied, Defendants could renew their motion to stay. *See Order* [ECF 24] at 1. The case was subsequently transferred to this Court, who also presides over *Garrison*. On April 4, 2023, the Court denied remand. *See Order* [ECF 43 (redacted); ECF 44 (sealed)].

On April 18, 2023, the Court *sua sponte* issued an Order to Show Cause, noting that *Garrison* and this action are "based on identical underlying facts, and the Parties (as well as their attorneys) largely overlap." *See* ECF 45.[4] The Court therefore ordered Plaintiffs and Defendants to "show cause on or before April 21, 2023 . . . why these cases should not be consolidated." *Id.* Defendants respond to the Court's Order to Show Cause.

## MEMORANDUM OF LAW

When similar matters are pending in federal court, "[t]he general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976). The Court is empowered to address duplicative ligation since "[a] trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power has been codified in Rule 42, FED. R. CIV. P., which authorizes the Court to consolidate similar actions and, in addition, "issue any other orders to avoid

---

[4] It should be noted that Chief Judge Altonaga also implicitly made this determination in transferring this action to this Division. *See Order of Transfer* [ECF 33] at 1 (finding transfer appropriate "pursuant to Internal Operating Procedure 2.15.00," which provides for transfer when, *inter alia*, another matter "involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court," *see id.*).

- 6 -

unnecessary cost or delay"—*e.g.*, stay or dismissal orders. *See* Rule 42(a)(2) &(a)(3); *see also Four Seasons Hotels & Resorts BV v. Consorcio Barr, S.A.*, No. 02-cv-23249, 2005 WL 8155867, *1 (S.D. Fla. Feb. 3, 2005) (Moore, J.) (recognizing the Court's broad authority under Rule 42).

Consolidation of the above-captioned case with the *Garrison* Action would promote the interests of judicial economy. *See Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2020 WL 2569319, at *3 (S.D. Fla. May 21, 2020) ("[F]ollowing the Eleventh Circuit's precedent which has encouraged trial judges to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion, the Court will consolidate the actions for the purposes of pre-trial and trial") (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)) (internal quotation marks omitted). The legal issues are identical, the *Norris* Plaintiffs are members of the proposed Plaintiff classes in *Garrison*, and the *Norris* Defendants are also defendants in *Garrison*. At a minimum, proper consolidation would therefore prevent waste of judicial resources and preserve the Defendants' resources.

Alternatively, the Court would be well within its authority to stay this action pending resolution of the *Garrison* Action because a stay would avoid "litigation of identical issues in parallel proceedings, a result that federal courts have routinely sought to avoid." *St. Paul Fire & Marine Ins. Co. v. Christensen Shipyards, Ltd.*, No. 06-cv-21133, 2006 WL 2582994 (S.D. Fla. Aug. 28, 2006) (Altonaga, J.). Indeed, judges in this Court have frequently stayed similar actions under their Rule 42 authority. *See*, *e.g.*, *Amorin v. Taishan Gypsum Co., Ltd.*, No. 11-cv-22408, 2019 WL 13061843,  (S.D. Fla. Mar. 19, 2019) (Cooke, J.) (staying duplicative action); *Phillippe v. Hickey*, No. 18-cv-24907, 2018 WL 11448553, at *1 (S.D. Fla. Nov. 29, 2018) (recommending dismissal of duplicative second action), *report and recommendation adopted*, No. 18-cv-24907 (S.D. Fla. Nov. 29, 2018) (Ungaro, J.); *White v. United States*, No. 09-cv-60648, 2009 WL 10674926 (S.D. Fla. Sept. 15, 2009) (Gold, J.) (staying duplicative second action).

While Defendants agree that consolidation is in the interests of judicial economy, that would only be true if consolidation does not delay resolution of the pending motions to dismiss in the *Garrison* Action. *See* § 2382 Consolidation—When Permissible, 9A Wright & Miller Fed. Prac. & Proc. Civ. § 2382 (3d ed.) (describing the different types of consolidation, including "[w]hen all except one of several actions are stayed until one is tried, in which case the judgment in the one trial is conclusive as to the others"). After months of navigating (and litigating) Plaintiffs' various attempts to divert their claims in the first-filed *Garrison* Action into Florida state court and/or to other judges in this district, thirteen defendants filed motions to dismiss in the *Garrison* Action. *See Garrison*, ECFs 139, 152, 154-159. Defendants (along with other *Garrison* defendants) detail how Plaintiffs' claims are without merit and should be dismissed in their entirety, with prejudice. *Id*. The time, expense, and effort involved in those motions should not be set aside as a reward to Plaintiffs for filing serial duplicative complaints in different court systems. Therefore, Defendants respectfully request that, in the event the actions are consolidated, the Court deny any request to substantively amend the *Garrison* Amended Complaint or alter the timeline for the currently-pending motion to dismiss in *Garrison*.

Plaintiffs could not be heard to claim this would prejudice Plaintiffs in either case, since the allegations by Plaintiffs here against Defendants are identical to the allegations against these same Defendants in *Garrison*. And, of course, Plaintiffs' counsel created this issue by filing serial duplicative complaints in this Court and in Florida state court. And, it must be noted that Plaintiffs themselves have already admitted, albeit implicitly, that *Garrison* and *Norris* arise from "the same underlying nexus of facts[.]" *See* Petitioners' Reply Brief at 2*, IN RE: FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076 (J.P.M.L.) (ECF 21).

Consolidation—but only with these limitations—would thus promote judicial efficiency while balancing the interests of all parties. Or, the Court could simply stay this action pending the resolution of *Garrison*.

## CONCLUSION

WHEREFORE, Defendants Thomas Brady, Kevin O'Leary, and David Ortiz do not oppose the consolidation of this action with *Garrison* for joint resolution, but with the limitations that:

- Any consolidation order limit Plaintiffs' ability to amend the pleadings only insofar as necessary to include the named plaintiffs here in the *Garrison* pleading;

- Defendants' pending motions to dismiss in *Garrison* be deemed to apply Plaintiffs here; and

- The motion to dismiss proceed on the same briefing schedule as currently set in *Garrison*.

Alternatively, Defendants request that this action be stayed and administratively closed pending the resolution of the *Garrison* Action.

Date: April 21, 2023

Respectfully submitted,

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444

By: */s/ Roberto Martínez*
    Roberto Martínez
    Florida Bar No. 305596
    bob@colson.com
    Stephanie A. Casey
    Florida Bar No. 97483
    scasey@colson.com
    Zachary Lipshultz
    Florida Bar No. 123594
    zach@colson.com

**LATHAM & WATKINS LLP**
    Andrew Clubok (*pro hac vice*)
    *andrew.clubok@lw.com*

   Susan E. Engel (*pro hac vice*)
    *susan.engel@lw.com*
   Brittany M.J. Record (*pro hac vice*)
    *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
   Marvin S. Putnam (*pro hac vice*)
    *marvin.putnam@lw.com*
   Jessica Stebbins Bina (*pro hac vice*)
    *jessica.stebbinsbina@lw.com*
   Elizabeth A. Greenman (*pro hac vice*)
    *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
   Michele D. Johnson (*pro hac vice*)
    *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendants Thomas Brady*

**AKERMAN LLP**
201 East Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
   Christopher S. Carver
   Florida Bar No. 993580
   christopher.carver@akerman.com
   Jason S. Oletsky, Esq.
   Florida Bar No. 9301
   jason.oletsky@akerman.com
   Katherine A Johnson
   Florida Bar No. 1040357
   katie.johnson@akerman.com

*Attorneys for Defendants David Ortiz*

**MARCUS NEIMAN RASHBAUM
& PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

        2 South Biscayne Blvd., Suite 2530
        Miami, Florida 33131
        Tel: (305)-400-4260

        By: /s/ *Jeffrey Neiman*
            Jeffrey Neiman
            jneiman@mnrlawfirm.com
            Fla Bar. No. 544469
            Jeffrey Marcus
            jmarcus@mnrlawfirm.com
            Fla. Bar No. 310890
            Michael Pineiro
            mpineiro@mnrlawfirm.com
            Fla. Bar No. 041897
            Brandon Floch
            bfloch@mnrlawfirm.com
            Fla. Bar No. 125218

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
abrettler@berkbrettler.com

*Attorneys for Defendant Kevin O'Leary*