**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 23-cv-20439-MOORE**

MICHAEL NORRIS, *et al.*,

      Plaintiffs,

v.

THOMAS BRADY, *et al.*,

      Defendants.

_____/

**<u>PLAINTIFFS' BRIEF RESPONSE TO ORDER TO SHOW CAUSE [ECF: NO. 45]</u>**

Plaintiffs respond in full agreement with the Court, that consolidation of this removed state action, with both *Garrison v. Bankman-Fried et al.*, No. 1:22-cv-23753 ("*Garrison*") and *Podalsky v. Bankman-Fried, No. 22-cv-23983* ("*Podalsky*"), is certainly appropriate.[1]

Plaintiffs' sole request is that, upon consolidation, the Court respectfully permit Plaintiffs thirty (30) additional days: (1) so that Plaintiffs can complete brief jurisdictional discovery that has already been provided to the non-Florida FTX Brand Ambassadors ((a) Shohei Ohtani, (b) Naomi Osaka, (c) Lawrence Gene David, (d) Stephen Curry, and (e) the Golden State Warriors), specifically regarding the **<u>new</u>** evidence that was filed in support of their Motion to Dismiss on grounds of lack of personal jurisdiction, and (2) so the six plaintiffs that filed individual state complaints against 3 Florida-based FTX Brand Ambassadors, can decide what claims, and which

---

[1] This Court has consistently reiterated that the one of main issues in all FTX claims is whether the FTX "YBAs" are "securities", that need to be registered with the SEC. ECF No. 44.

Defendants, to name in a Consolidated Complaint.[2]

None of these actions have had any *substantive* amendments, such as after the filing of a Motion to Dismiss or after discovery has been produced. Indeed, this Court set a deadline of May 8, 2023, for the *Garrison* and *Podalsky* parties to all file a Joint Scheduling Report, after holding a scheduling conference once Defendant O'Neal was finally served.

Immediately upon receipt of the Show Cause Order, Plaintiffs agreed with Defendants on the issue of consolidation and discussed proposed discovery regarding those specific Defendant FTX Brand Ambassadors that filed <u>new affidavits</u>, in support of their Motions to Dismiss. Fortunately, we have spent the past year litigating and obtaining rulings in our pending *Voyager Digital* litigation, before both Chief Judge Altonaga and Judge Altman, on these same, specific and narrow discovery issues, for Voyager Defendants that raised the exact same lack of personal jurisdiction defense.[3] We quickly completed that discovery and those few depositions, which supported specific and general jurisdiction over those Defendants.

Plaintiffs are extremely mindful of the need to meet and confer on these issues, so we are trying to coordinate with various Defendants and will seek relief of the Court, only if and when we cannot resolve them, as per discovery procedures before Magistrate Judge Becerra.

**WHEREFORE,** Plaintiffs respectfully submit that they agree this action should be consolidated with *Garrison* and *Podalsky*, and respectfully request a thirty day extension after consolidation to conduct limited jurisdictional discovery and prepare a Consolidated Complaint.

---

[2] Plaintiffs are extremely mindful of the Court's instructions to coordinate all actions with the Defendants and to be precise with all legal and factual arguments. Plaintiffs were glad it became unnecessary to seek any additional extension of time, in order to finally serve the final *Garrison* and *Podalsky* Defendant, Shaquille O'Neal, with personal service at his residence in Atlanta, Georgia.

[3] *See* the Discovery Orders from the *Cassidy* and *Robertson* actions attached as **Composite Exhibit A**.

*CASE NO. 23-cv-20439-MOORE*

Dated: April 21, 2023.                    Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No.: 156113
Manuel A. Arteaga-Gomez
Florida Bar No.: 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By: */s/Jose M. Ferrer***
Jose M. Ferrer
Florida Bar No. 173746
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440
jose@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs*

3

CASE NO. 23-cv-20439-MOORE

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the forgoing was filed on April 21, 2023, via the Court's CM/ECF system, which will send notification to all attorneys of record.

By: <u>*/s/ Adam M. Moskowitz*</u>
ADAM M. MOSKOWITZ
Florida Bar No. 984280
